# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. GOODE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0204** (BOR Appeal No. 2047435)
(Claim No. 2005008400)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**MYSTIC, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Goode, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 30, 2013, in which the Board affirmed a July 12, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 20, 2011, decision which denied authorization for an evaluation by Francis Saldanha, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Goode, a mine equipment operator, was injured in the course of his employment on July 30, 2004, when he was operating a roof bolter, the five foot bolt twisted, and he was thrown across the machine. His claim was held compensable for thoracic sprain/strain. Mr. Goode had two previous work-related back injuries. Since the compensable injury, he has been treated for pain throughout his entire spine that radiates into his extremities. MRIs and x-rays taken over the years have shown multiple non-compensable conditions including a herniated T8-9 disc, a compression fracture at T12, bulges in the cervical spine, a herniated disc in the lumbar spine, and degenerative changes and degenerative disc disease throughout the entire spine. Mr. Goode has undergone numerous neurosurgical evaluations including evaluations with Dr. Saldanha. Dr. Saldanha determined in 2004 that there was no surgical option that would benefit Mr. Goode. In 2006, Dr. Saldanha recommended facet joint injections and continuation of Mr. Goode's medications. In 2007, Jeffrey Greenburg, M.D., also recommended no surgical intervention. He stated in a letter to Michael Muscari, M.D., Mr. Goode's treating physician, that he saw no significant MRI findings that would explain Mr. Goode's neurological findings. John Schmidt, M.D., evaluated Mr. Goode in 2008 and made a diagnosis of lumbar spondylosis. He determined that surgery likely would not treat Mr. Goode's back pain but may reduce his leg pain. He stated that he had a long discussion with Mr. Goode regarding the natural history of degenerative spondylotic arthropathy and chronic mechanical back strain.

Mr. Goode underwent an independent medical evaluation on May 6, 2011, by Robert Walker, M.D. Dr. Walker noted that the claim was held compensable for thoracic sprain/strain. He determined that the herniated T8-9 disc was not anatomically consistent with Mr. Goode's current complaints which included constant throbbing pain extending into both hips and down the right leg. He stated that it was not clear that the present treatment plan included treatment of the thoracic spine. He believed that any facet joint related problems of the thoracic spine would be related to Mr. Goode's degenerative changes. The T12 thoracic compression fracture pre-existed and is unrelated to the compensable injury in this claim. He concluded that additional treatment would not be reasonable or necessary. The thoracic herniated disc has been evaluated and it was determined that surgery was unnecessary. He recommended against the prescription of opiates or narcotics for Mr. Goode due to the potential for habitual intolerance. Also, the compensable injury occurred over six years ago and these medications should no longer be necessary for the treatment of a thoracic sprain/strain, even one that is superimposed on a herniated disc and an old compression fracture. Based upon this evaluation, the claims administrator denied a request for a referral to Dr. Saldanha on September 20, 2011.

The Office of Judges affirmed the claims administrator's decision in its July 12, 2012, Order. It found that the claim was held compensable only for a thoracic sprain. The Office of Judges determined that the evidence presented establishes that Mr. Goode experiences chronic pain, but it does not demonstrate that the pain is directly related to his compensable thoracic sprain/strain. It also fails to show that the requested referral is reasonable and necessary in relation to the compensable injury. The Office of Judges found that Dr. Muscari testified in a deposition regarding Mr. Goode's current condition, however, that testimony did not directly address the need for a referral to Dr. Saldanha. His treatment notes were found to address Mr. Goode's overall medical condition but do not directly relate the symptoms to the compensable injury. Dr. Walker's report was determined to directly address the issue and the Office of Judges

concluded that Mr. Goode's present condition is not related to the compensable injury. Dr. Walker's report was therefore found to be more reliable and accordingly afforded more evidentiary weight.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its January 30, 2013, decision. This Court finds that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. The evidentiary record indicates that Mr. Goode has experienced chronic back pain since his compensable injury. Mr. Goode's treating physician, Dr. Muscari, testified in a deposition that Mr. Goode has experienced consistent back pain since his compensable injury. He had an L5-S1 disc bulge prior to the injury and the compensable July 30, 2004, injury in the instant claim further injured the disc. By 2005, the disc had herniated and Dr. Muscari opined that the herniation was the result of the compensable injury. Though Mr. Goode has degenerative changes, those changes are mild. He also stated that pain management had been successful for Mr. Goode in the past. Because Mr. Goode's back pain is the result of his compensable injury, the request for an evaluation by Dr. Saldanha is medically related and reasonably necessary.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize the requested evaluation by Dr. Saldanha.

Reversed and Remanded.

## ISSUED:   October 15, 2014

## CONCURRED IN BY:
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

## DISSENTING:
Chief Justice Robin J. Davis
Justice Allen H. Loughry II

Justice Loughry, dissenting:
The majority incorrectly reasons that a referral to Francis Saldanha, M.D., should be authorized in the instant claim. The evidence clearly fails to show that the requested medical treatment is medically related and reasonably required for the treatment of symptoms arising from the July 30, 2004, injury. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the record shows that the claimant's requested medical treatment arises from the natural progression of pre-existing degenerative changes and is unrelated to the July 30, 2004, compensable injury. Accordingly, I respectfully dissent.